# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| HEATHER ERIN WYLIE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SILVER BOW/CITY OF BUTTE, et al.,<br><br>Defendants. | Cause No. CV 11-00084-BU-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Pending are Plaintiff Heather Erin Wylie's Motion for Leave to Proceed in Forma Pauperis and proposed Complaint. C.D. 1, 2. Ms. Wylie raises a number of claims regarding her convictions in Silver Bow County, Montana. The Motion to Proceed in Forma Pauperis will be granted. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties but there is no basis for federal subject matter jurisdiction as set forth in more detail herein. Ms. Wylie has not raised a federal claim and there is no basis for diversity jurisdiction.

Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## III. MOTION TO PROCEED IN FORMA PAUPERIS

Ms. Wylie submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Ms. Wylie is required to pay the statutory filing fee of $350.00. Ms. Wylie only submitted a one month account statement which shows a single deposit of $17.15 and a balance as of December 1, 2011 of $0.96. The Court will waive the initial partial filing fee but Ms. Wylie will be obligated to make monthly payments of 20% of the preceding month's income credited to Ms. Wylie's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Ms. Wylie to forward payments from Ms. Wylie's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

## A. Parties

Ms. Wylie is a prisoner proceeding without counsel. She is incarcerated at Montana State Women's Prison in Billings, Montana. The named defendants are the County of Silver Bow/City of Butte; Daniel R. Sweeney, individually and as an interim Justice of the Peace for Butte-Silver Bow County; Judge Bradley G. Newman; Catherine Truman, Deputy Assistant Attorney General and Deputy County Attorney for the City/County of Butte-Silver Bow; Lori Moore, PSI Reporter/Writer/Investigator for the State of Montana; Laura Hughes, State Auditor for the State of Montana; Walter Hennessey, head of the Butte-Silver Bow County Public Defender's Office; Bud Walsh, head of the Butte Probation and Parole; Lori Durkin, individually; Doreen "Dee" Mitchell, individually; and Timothy James Wylie, individually. C.D. 2, p. 1.

## B. Allegations

Ms. Wylie's allegations all arise from her convictions in state court for felony attempted theft and felony tampering with evidence on August 4, 2010, and two counts of felony theft on August 5, 2010. C.D. 2, Ex. pp. 208-213. On October 28, 2010, she was sentenced to 20 years and is currently serving that sentence at the Montana Women's Prison. Id.

Beginning on page 34 of her 43 page Complaint, Ms. Wylie lists the

following causes of action: (1) negligence by governmental defendants; (2) negligent infliction of emotional distress governmental defendants; (3) intentional infliction of emotional distress governmental defendants; (4) false arrest/imprisonment governmental defendants; (5) malicious prosecution all defendants; (6) defamation libel – per se Defendant Daniel R. Sweeney; (7) Slander per se Defendant, Daniel R. Sweeney; (8) Defamation Libel – per se Defendant, Lori Durkin; (9) Defamation Slander – per se Defendant, Timothy James Wylie; and (10) Defamation Libel – per se Governmental Defendants.

**V. SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915A**

As Ms. Wylie is a prisoner proceeding in forma pauperis, this Court must review her Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the dismissal of the complaint before it is served upon defendant if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under Iqbal).

District courts have discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave

to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VI. ANALYSIS

There are many deficiencies with Ms. Wylie's Complaint, but the first issue to address is whether federal subject matter jurisdiction exists. Federal courts unlike state courts are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002), citing Summers v. Interstate Tractor & Equip. Co., 466 F.2d

42, 49-50 (9th Cir. 1972); see also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears).

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F. 2d 1280 (9th Cir. 1977). Therefore, Ms. Wylie must make a prima facie showing of subject matter jurisdiction in order to maintain her claims. Fields v. Sedgwick Associated Risks, Ltd., 796 F. 2d 299, 301 (9th Cir. 1986).

In civil disputes, federal subject matter jurisdiction exists where (1) requirements for diversity are met or (2) the complaint involves a federal question. 28 U.S.C. §§ 1332, 1331. Wylie's Complaint does not establish diversity or federal question jurisdiction.

**A. Diversity Jurisdiction**

Diversity jurisdiction exists in civil disputes between citizens of different states, where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Individuals are citizens of their state of domicile." Munoz v. Small Bus. Admin., 644 F.2d 1361, 1365 (9th Cir. 1981). "A person's domicile is [his/]her permanent home, where [he/] she resides with the intention to

remain or to which [he/]she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Prisoners are generally citizens of the state where they were domiciled at the time of their incarceration. See 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed. 1999); Sullivan v. Freeman, 944 F. 2d 334 (7th Cir. 1991); Carter v. Flowers, 664 F. Supp. 1002 (1987) (for diversity purposes, prisoners pre-incarceration domicile will determine citizenship); Hoefferle Truck Sales v. Divco-Wayne, 523 F. 2d 543 (7th Cir. 1975) (diversity is determined by examining citizenship as of the time suit is commenced).

A person is domiciled in a state where he or she has established a "fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." Lew v. Moss, 797 F. 2d 747, 749 (9th Cir. 1986); Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940). In making the domicile determination, the Court may consider evidence of a plaintiff's residence prior to incarceration, voting registrations, location of personal and real property, location of bank accounts, spouse and family, membership and unions and organizations, place of employment or location of business, drivers license, car registration, and payment of taxes. Lew, 797 F.2d at 749; Wright and Miller, Federal Practices and Procedure § 3612, at 529-513.

The Memorandum and Order denying Ms. Wylie's Petition for Post-Conviction Relief indicates Ms. Wylie was a joint owner of real property in Montana. C.D. 1, Voluminous Exhibit XXXII, p. 2. The PSI attached to the Complaint indicates Ms. Wylie moved to Montana in 2003. C.D. 1, Voluminous Exhibit IX, p. 128. Thus, the Court will presume Ms. Wylie is a resident of the state of Montana.

"Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004). Since Ms. Wylie is a resident of Montana and Defendants appear to be residents of Montana, there is not complete diversity of citizenship.

**B. Federal Question**

Federal subject matter jurisdiction also exists over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, federal courts have jurisdiction over claims that arise under federal law as opposed to state law. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987).

Ms. Wylie has two-pages of her complaint devoted to the provisions of

Montana law under which she seeks to invoke the jurisdiction of this Court. C.D. 1, pp. 25-26. Therein, she only refers to Montana state law.

As Ms. Wylie has only raised state law claims, her complaint is subject to dismissal for lack of subject matter jurisdiction.

**VII. LEAVE TO AMEND**

As set forth above, leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll, 809 F.2d at 1448. It would be futile to allow Ms. Wylie an opportunity to amend her complaint because the deficiencies of the Complaint cannot be cured by amendment.

Ms. Wylie's claims all arise out of her state conviction for which she is currently incarcerated in the Montana Women's Prison. Since her criminal conviction has not been overturned, all claims relating to her criminal trial are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a

habeas writ, or expunged. Heck, 512 U.S. at 487.

Ms. Wylie is appealing her conviction to the Montana Supreme Court, therefore, it is clear that it has not been invalidated. A determination in this Court regarding whether any of Ms. Wylie's rights were violated during her criminal proceedings would necessarily imply the invalidity of that conviction. Ms. Wylie's claims are barred by Heck.

## VIII. CONCLUSION

Ms. Wylie has failed to establish subject matter jurisdiction. While Ms. Wylie might possibly be able to cure this defect by amendment, any such amendment would be futile because any claims challenging her state court conviction are barred by the doctrine set forth in Heck v. Humphrey. Accordingly, the case will be recommended for dismissal.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Ms. Wylie has failed to establish federal subject matter jurisdiction and even if she could state a basis for federal jurisdiction her claims are clearly Heck barred. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**B. Address Changes**

At all times during the pendency of this action, Ms. Wylie SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and its effective date, except if Ms. Wylie has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing:

It is **ORDERED:**

1. Ms. Wylie's Motion to Proceed in Forma Pauperis C.D. 2 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 1 to remove the word "LODGED" and the Complaint is deemed filed on December 15, 2011.

It is **RECOMMENDED:**

1. Ms. Wylie's Complaint C.D. 1 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Wylie may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Wylie files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Ms. Wylie from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of February, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge